IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWIN A. SHEARER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-04-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Shearer's application for writ of habeas corpus under 28 U.S.C. § 2254, filed on January 13, 2016. Shearer is a state prisoner proceeding pro se.

On January 19, 2016, and again on March 7, 2016, the Court issued two orders to Shearer to show cause why his claims should not be dismissed without prejudice for failure to exhaust state remedies. To both orders, Shearer responded that he wants the Court to proceed to the merits of his claims. Accordingly, the Court will do so here.

## I. Background

Following a jury trial, Shearer was convicted of sexual intercourse without consent, a violation of Mont. Code Ann. § 45-5-503(1). He was sentenced to serve

1

40 years in prison with 20 of those years suspended.  *See* Pet. (Doc. 1) at 1-5; Op. at 3 ¶ 2, *State v. Shearer*, No. DA 13-0256 (Mont. Jan. 27, 2015), *available at* http://supremecourtdocket.mt.gov (accessed Mar. 18, 2016).

Shearer appealed, arguing that the jury should have been specifically instructed that the State must prove beyond reasonable doubt that Shearer knew the victim did not consent to intercourse.  On January 27, 2015, the Montana Supreme Court affirmed the conviction.  Op. at 2-3 ¶¶ 3-6, *Shearer*, No. DA 13-0256.

Shearer filed his federal petition on January 13, 2016.  He states that he has not filed a petition for postconviction relief in the trial court.  *See* Pet. at 3 ¶ 9.

## II.  Shearer's Claims

Shearer's first and second claims for relief allege that the State failed to obtain a search warrant for his home, personal property, and person and that the fruits of the unwarranted searches were used in evidence against him at trial.  Pet. at 5-6.

Shearer's third claim alleges that he was denied a grand jury or preliminary hearing and, as a result, the trial court lacked jurisdiction.  *Id.* at 7.

Shearer's fourth and fifth claims contend that the trial court unreasonably applied the rape shield act to prevent introduction of evidence that would have weakened the prosecution's case and unreasonably blocked admission of reports and testimony from the victim's counselor.  He asserts that these actions by the

2

trial court violated his rights under the Confrontation Clause and *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and prevented him from presenting a complete defense. He further contends the trial court's error amounted to vindictive prosecution and constituted an unreasonable application of federal law under 28 U.S.C. § 2254(d). Pet. at 8-9.

Sixth, Shearer contends that the prosecutor expressed personal opinions in an argument with defense counsel before the jury when the trial court was absent. He asserts that this conduct violated his right to due process and a fair and impartial jury and constituted prosecutorial vindictiveness. Pet. at 10.

Finally, Shearer contends that trial and appellate counsel were ineffective because they did not identify and seek to correct the constitutional violations that occurred in his case. *Id.* at 11.

### III. Analysis

**A. Procedural Default**

State courts are co-equal adjudicators, with the federal courts, of federal constitutional issues. For that reason, a person who claims that a state's criminal judgment is unconstitutional under federal law must give the state courts the first opportunity to consider his claims. In other words, before filing in federal court, a federal habeas petitioner must "exhaust" the judicial remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement is a

3

"simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

On January 19, 2016, Shearer was advised that at least one of his claims—the claim alleging ineffective assistance of trial and appellate counsel—was unexhausted but could still be presented in the courts of the State of Montana in a petition for postconviction relief. As a result, it appeared that the petition should be dismissed without prejudice so that Shearer could pursue relief in state court and, if necessary, return at a later date to federal court. *See* First Order to Show Cause (Doc. 3) at 2-4.

On January 27, 2016, Shearer responded that he wished to withdraw his claim alleging that trial and appellate counsel were ineffective. *See* Resp. to Order (Doc. 4) at 1; Pet. at 11. He contended that "[t]he facts for Grounds 1 through 6 are undisputable and demand reversal." Resp. to Order at 1.

But Shearer's response posed a related problem. Shearer did not present Grounds 1 through 6 in his direct appeal to the Montana Supreme Court; he only presented a claim regarding the jury instruction on the elements of the offense. If a habeas petitioner could simply raise entirely new grounds for relief in federal court than he raised in state court (as Shearer sought to do), the exhaustion requirement would be meaningless. Consequently, the Court issued a second order to show

4

cause. It explained that, because Grounds 1 through 6 were not presented on direct appeal and could no longer be presented in state court, this Court would be required to deem them exhausted but procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Smith v. Baldwin*, 510 F.3d 1127, 1137-39 (9th Cir. 2007) (en banc); *see also Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). Thus, the Court could not consider whether those claims have merit unless Shearer excused his procedural default. Second Order to Show Cause (Doc. 5) at 1-3.

Shearer was advised that he could excuse his procedural default in one or both of two ways, *see id.* at 3-4, and he was given another opportunity to respond, *id.* at 4.

On March 17, 2016, Shearer responded that he believes his first six claims have merit. *See* Resp. to Second Order (Doc. 6) at 2. As the Court previously explained, however, procedural default is excused not by merit but by showing either cause and prejudice or actual innocence. Second Order to Show Cause at 3. Shearer avers that he did not receive a fair trial because constitutional violations occurred in the trial proceedings; he does not suggest he has evidence proving he is actually innocent.

All of Shearer's claims are procedurally defaulted because he has not presented any of them in the courts of the State of Montana. Although he was

given an opportunity to do so, he has not excused his failure to present his claims in state court. Consequently, this Court must dismiss all of his claims with prejudice as procedurally defaulted without excuse.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Although Shearer could still present at least one of his claims in the courts of the State of Montana, no remedy remains available for his first six claims for relief. Those claims are exhausted but procedurally defaulted. Shearer was given an opportunity to show why his default should be excused. He responded only by

stating that his claims have merit, but, even assuming they do, merit does not excuse Shearer's failure to present the claims in state court. Reasonable jurists would find no room to doubt that Shearer's failure to present his claims in state court bars this Court from hearing the merits of those claims. There is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Shearer may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

<u>Shearer must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of March, 2016.

/s/ Carolyn S. Ostby
United States Magistrate Judge